# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Premises Located at 15 HARVEST DRIVE,<br>BROAD BROOK, CONNECTICUT | )<br>)<br>)  Case No. 3:22MJ__58__(TOF)<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2, incorporated by reference.

located in the _____ District of __Connecticut__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 846 | Conspiracy to possess with intent to distribute controlled substances. |
| 21 USC 841(a)(1) | Possession with intent to distribute and distribution of controlled substances. |
| 21 USC 843(a)(5),(6),(7) | Prohibited acts involving the use of pill press machines to manufacture counterfeit and/or controlled substances. |

The application is based on these facts:
See the attached affidavit of Special Agent Scott P. Smith, DEA.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

SCOTT SMITH  *Digitally signed by SCOTT SMITH*
*Date: 2022.01.20 09:49:21 -05'00'*

*Applicant's signature*

Special Agent Scott P. Smith, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ *(specify reliable electronic means)*.

Date: __01/20/2022__      [signature] Date: 2022.01.20 11:20:55 -05'00'
*Judge's signature*

City and state: __Hartford, Connecticut__      Hon. Thomas O. Farrish, USMJ
*Printed name and title*

## ATTACHMENT A-2

### Location To Be Searched

The premises to be searched (the "**Target Location**") is 15 Harvest Drive, Broad Brook, CT, a two-story, tan in color single family dwelling with a green ingress/egress door. The residence has a two-car garage on the right side of the home. The residence has an asphalt driveway with a green mailbox at the end, attached to the mailbox on the right side is the number 15.

This authorization includes the above-described location, all rooms and other parts therein, together with the surrounding grounds, all safes, lock boxes, or locked containers found therein, and any garages, storage rooms, trash containers, and storage areas designated for the use of the specifically described residence.

Below is a photograph of the exterior of the property:



## ATTACHMENT B

### Particular Things To Be Seized

The following items evidencing violations of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute controlled substances); 21 U.S.C. § 841(a)(1) (possession with intent to distribute and distribution of controlled substances) and 21 U.S.C. §§ 843(a)(5), (a)(6), and (a)(7) (prohibited acts involving the use of pill press machines to manufacture counterfeit and/or controlled substances (the "Target Offenses"), including:

a) controlled substances;

b) paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as tableting machines, tableting punches and dies, scales, funnels, sifters, grinders, plastic bags, heat-sealing devices, binding agents and diluents such as, mannitol, mannite, and inositol;

c) books, records, receipts, notes, ledgers, letters, and other papers relating to the distribution of controlled substances, relating to travel for the purpose of acquiring and/or distributing controlled substances, and relating to monetary transactions involving the proceeds from the sale of controlled substances;

d) personal books, papers, cell phones, and other electronic devices reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances, money laundering, and the criminal use of communication facilities;

e) cash, currency, and records relating to the generation of income from the sale of controlled substances and the expenditure of such income, including money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, and check registers, as well as consumer items such as electronic equipment, vehicles, jewelry, and precious metals such as gold and silver, and precious gems such as diamonds, the possession of which, particularly by individuals with no substantial legitimate source of income, is evidence of drug trafficking as opposed to drug use;

f) documents and other records indicating travel in interstate and foreign commerce, such as vehicle ownership and purchase documentation, maps, GPS coordinates, navigation coordinates, travel itineraries, plane tickets, bus tickets, boarding passes, motel and hotel receipts, passports and visas, credit card receipts, and telephone bills and related communications;

g) computers, cell phones, electronic tablet devices, and other electronic media utilized for communication, transportation, and data acquisition and retention purposes related to acquiring and distributing illegal drugs and proceeds;

h) firearms and other dangerous weapons; and

i) identification evidence and/or indicia, such as cell phones with particular numbers, mail, deeds, leases, rental agreements, photographs, bills, and identification documents, that tend to identify the person(s) in residence, occupancy, control, or ownership of subject premises, subject vehicles and/or subject communication devices.

j) Business records including but not limited to:

      i.      Records of income and expenses, such as profit and loss statements and income and expense journals that reflect the expenditure of the proceeds of criminal activity;

      ii.      Evidence of the expenditure of the proceeds of criminal activity or purchase of assets with the proceeds of criminal activity, such as invoices, receipts, rental statements, lease statements, travel records, earnest money agreements, escrow statements, and real estate deeds;

      iii.      Records of accumulation of assets acquired with the proceeds of criminal activity, such as ledgers, balance sheets and financial statements, reflecting both assets and liabilities;

      iv.      Checking and savings accounts records consisting of monthly statements, duplicate deposit slips, and cancelled checks reflecting the deposit and disbursement of the proceeds of criminal activity;

      v.      Letters and other documents reflecting communications between partners or associates, such as address and phone books reflecting the names and addresses of partners or associates, phone billing records reflecting telephone activity, contracts and other agreements reflecting telephone activity, contracts and other agreements reflecting associations between individuals relative to business ventures, and cashier's checks, money orders, and wire transfers that are evidence of transactions involving the proceeds of criminal activity.